SO ORDERED.

Dated: December 7, 2017



*Madeleine C. Wanslee*

**Madeleine C. Wanslee, Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | (Chapter 7 Case) |
| LOWELL JAMES GULLEY and JOLENE KAY GULLEY, | No. 2:17-bk-01606-MCW |
| Debtors. | **ORDER APPROVING TRUSTEE'S STIPULATED APPLICATION TO COMPROMISE CLAIM** |

After thorough consideration of the Trustee's Stipulated Application to Compromise Claim ("**Stipulated Application**") filed by Constantino Flores, Chapter 7 Trustee ("**Trustee**"), a copy of which is attached as **Exhibit A** and is incorporated by reference, and good cause appearing therefor;

**THE COURT FINDS** that settlement is in the best interest of the Estate, that the Stipulated Application has been duly noticed, with no objections having been received and all other requirements of Bankruptcy Rule 9019 having been satisfied;

**IT IS HEREBY ORDERED** approving Trustee's Stipulated Application and Authorizing the Trustee to accept the sum of $8,000.00 in order to settle the Estate's interest in: (i) the Claims, (ii) scheduled non-exempt assets exclusive of the Estate's pro rata share of Debtors' 2016 federal and state income tax refunds, if any, and (iii) all other remaining disclosed issues, as forth in Trustee's Stipulated Application attached hereto.

**DATED AND SIGNED ABOVE**

**LANE & NACH, P.C.**
2001 East Campbell Avenue, Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003

Paul M. Hilkert - 028934
Email: paul.hilkert@lane-nach.com
Kristofer R. McDonald – 033239
Email: kristofer.mcdonald@lane-nach.com

*Attorneys for Constantino Flores, Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>LOWELL JAMES GULLEY and<br>JOLENE KAY GULLEY,<br><br>Debtors. | (Chapter 7 Case)<br>Case No. 2:17-bk-01606-MCW<br><br>**STIPULATED APPLICATION TO COMPROMISE CLAIM [F.R.B.P. 9019]** |

Constantino Flores, Chapter 7 Trustee, and Lowell J. Gulley and Jolene K. Gulley, Debtors, (collectively "Parties") by and through their attorneys undersigned, herein apply to this Court for an Order authorizing Trustee to compromise a claim of the Estate. In support of this Stipulated Application, the Parties present the following Memorandum of Points and Authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

I. FACTUAL BACKGROUND

1. This case was commenced by voluntary petition filed by the Debtors on February 22, 2017 ("Petition Date").

2. Constantino Flores is the duly qualified and acting Trustee in this case ("Trustee").

3. Among the assets of this Estate are (i) a claim against Debtors for the immediate turnover of the Estate's non-exempt pro rata share of earned but unpaid wages, non-exempt security deposit, non-exempt bank funds, and Petition Date cash on hand in the approximate collective amount of $7,060.00 pursuant to 11 U.S.C. §§ 541 and 542, (ii) a claim against Andrew Goldschmidt to recover a payment by Debtor to Mr. Goldschmidt in the amount of $1,980.00 during the ninety day period prior to the Petition Date which transfer Trustee alleges is avoidable and recoverable for the benefit of creditors of this Estate

pursuant to 11 U.S.C. §§ 547, 550 and 551, and (iii) a claim against Wanda Vaughn to recover payments by Debtor to Ms. Vaughn, or to Ms. Vaughn's credit card company for the benefit of Ms. Vaughn, in the approximate collective amount of $2,000.00 during the ninety day period prior to the Petition Date which transfers Trustee alleges is avoidable and recoverable for the benefit of creditors of this Estate pursuant to 11 U.S.C. §§ 547, 550 and 551 (collectively "Claims").

4. While Debtors do not dispute that they must turn over the non-exempt cash, bank funds, wages, and security deposit, they dispute Trustee's allegation that they had any cash on hand, and dispute that the transfers to Andrew Goldschmidt and Wanda Vaughn are avoidable preference payments.

## II. AGREEMENT BETWEEN THE PARTIES

5. Trustee has received an offer from the Debtors to settle the Claims. The Debtors agree to pay the Estate the sum of $8,000.00 ("Settlement Amount"), as set forth below, in order to settle the Estate's interest in: (i) the Claims, (ii) scheduled non-exempt assets exclusive of the Estate's share of Debtors' 2016 federal and state income tax refunds and pro rata share of Debtors' 2017 federal and state income tax refunds, if any, and (iii) all other remaining disclosed issues, subject to Court Approval.

6. Debtors agree to pay the Settlement Amount to the Trustee through nine (9) monthly payments. The first monthly payment in the amount of $888.00 shall be <u>received</u> on or before five (5) days of the date of the Order approving this Stipulated Application. The subsequent seven monthly payments in the amount of $888.00 are to be <u>received</u> by the Trustee on the same date of each consecutive month thereafter. The ninth and final monthly payment shall be in the amount of any balance due and owing and will be due on the same day of the month as the prior payments. Should the due date for any given payment fall on a weekend or holiday, payment shall be received by the Trustee on or before the soonest business day <u>prior to</u> the due date.

7. Debtors agree that the failure to timely remit payment to the Trustee will result in the assessment of a $250.00 late charge, and will further constitute a default under the terms of this Stipulated Application. In the event of default, a ten (10) day default notice ("Notice") will be delivered to the Debtors with a copy to Debtors' Counsel at the address set forth on the docket on the date the default letter is mailed. Should the Debtors fail to cure the default by the close of business on the tenth (10th) calendar day from the date of the Notice, the balance due and owing on the Settlement Amount shall be

accelerated and immediately due and owing, along with the late fee, and Debtors shall be responsible for any costs and attorneys' fees incurred by the Estate, <u>from the date of default</u>, in order to collect the Settlement Amount. Moreover, in the event Debtors fail to timely cure the default, Trustee may lodge an order with the Court directing Debtors to turn over the outstanding balance due and owing on the Settlement Amount, the late fee, and reasonable attorneys' fees and costs.

8. Payment shall be in the form of a check naming as payee "Constantino Flores, Trustee."

9. Although Trustee believes he would be successful in litigation, based upon the time, costs, and uncertainty associated with litigation, Trustee, in his best business judgment, believes that the current settlement will maximize distribution to creditors of the Estate.

10. This agreement is entered into in reliance upon the representations and information provided by the Debtors to the Trustee and retained in the files maintained by the Trustee for this Estate. Should the representations or documentation provided by or on behalf of the Debtors to the Trustee later be determined to be materially inaccurate or deficient or that this settlement was based upon information fraudulently delivered or represented by the Debtors, the Estate shall retain all rights and actions released herein.

III. <u>LEGAL ARGUMENT</u>

The requested relief is authorized by Rule 9019(a) of the Federal Rules of Bankruptcy Procedure which provides as follows:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, the indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.

The Trustee, in the exercise of his best business judgment and in consideration of the requirements of <u>A & C Properties</u>, 784 F.2d 1377 (9th Cir. 1986), <u>In re Woodson</u>, 839, F.2d 610 (9th Cir. 1988), and <u>In re Schmitt</u>, 215 B.R. 417 (9th Cir. BAP 1997), believes that the proposed compromise and settlement is an appropriate resolution of this matter.

Bankruptcy courts have broad discretion in approving compromise agreements. <u>In re Woodson</u> 839 F.2d at 620. The Court may approve a compromise if it is fair and equitable. <u>Id</u>. In determining the

fairness and adequacy of a proposed compromise agreement, the Court should consider the following four factors: (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in collection; (3) the complexity of the litigation involved as well as the expense, inconvenience and delay necessarily attendant to the litigation; and (4) the paramount interest of creditors and a proper deference to their reasonable views.

Consideration of these factors does not require the Court to decide questions of law or fact raised in the controversies sought to be settled, or determine that the compromise presented is the best possible outcome. Rather, the Court need only canvass the issues to determine whether the settlement fails "below the lowest point in the zone of reasonableness". *Newman v. Stein*, 464 F.2d 689, 698 (2nd Cir. 1972). cert. denied. 409 U.S. 1039 (1972); see also *In re Pennsylvania Truck Lines, Inc*., 150 B.R. 595, 598 (Bankr. E.D. Pa. 1992) (holding that a bankruptcy court must consider these factors to see whether the settlement falls below the lowest point in the range of reasonableness.) Accordingly, if the court finds the compromise does not fall below the threshold of reasonableness, the compromise should be approved. *In re Planned Protective Services, Inc*., 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991).

The Trustee believes the proposed settlement is in the best interest of the creditors and parties-in-interest of this Estate. Although Trustee believes he would be successful in litigation, based upon the time, costs, and uncertainty associated with litigation, Trustee, in his best business judgment, believes that the current settlement will maximize distribution to creditors of the Estate.

WHEREFORE, the Parties pray for an Order of this Court as follows:

a. Authorizing the Trustee accept the sum of $8,000.00 pursuant to the terms set forth herein, in order to settle the Estate's interest in: (i) the Claims, (ii) scheduled non-exempt assets exclusive of the Estate's pro rata share of Debtors' 2016 federal and state income tax refunds, if any, and (iii) all other remaining disclosed issues; and

b. For such other and further relief as this Court deems just and proper.

///

Lane & Nach, P.C.
2001 E. Campbell Ave., #103
Phoenix, AZ 85016

4

RESPECTFULLY SUBMITTED this 6th day of November, 2017.

          **LANE & NACH, P.C.**

          By: */s/ Paul M. Hilkert - 028934*
              Paul M. Hilkert
              Kristofer R. McDonald
              *Attorneys for Trustee*

          **CAMPBELL & COOMBS, P.C.**

          By   */s/ Harold Campbell (with permission)*
              Harold Campbell
              *Attorney for Debtors*

          **DEBTORS**

          By   *(see attached)*
              Lowell James Gulley
              *Debtor*

          By   *(see attached)*
              Jolene Kay Gulley
              *Co- Debtor*

Copy of the foregoing delivered
via electronic notification:

Harold Campbell
Campbell & Coombs, PC
1181 S. Alma School Rd., #225
Mesa, AZ 85210
Email: heciii@haroldcampbell.com
*Attorney for Debtors*

Office of U.S. Trustee
230 North First Avenue
Phoenix, AZ 85003
Email: Christopher.J.Pattock@usdoj.gov
Email: ustpregion14.px.ecf@usdoj.gov

By: */s/ Debbie McKernan*

Kristofer R. McDonald
Attorney for Trustee

**CAMPBELL & COOMBS, P.C.**

By_____
    Harold Campbell
    Attorney for Debtors

**DEBTORS**

By_____
    Lowell James Gulley
    Debtor


By_____
    Jolene Kay Gulley
    Co- Debtor

Copy of the foregoing delivered
via electronic notification on the
_____ day of October, 2017:

Harold Campbell
Campbell & Coombs, PC
1181 S. Alma School Rd., #225
Mesa, AZ 85210
Email: heciii@haroldcampbell.com
*Attorney for Debtors*

Office of U.S. Trustee
230 North First Avenue
Phoenix, AZ 85003
Email: Christopher.J.Pattock@usdoj.gov
Email: ustpregion14.px.ecf@usdoj.gov


By__/s/_____

Case 2:17-bk-01606-MCW    Doc 66    Filed 12/06/17    Entered 12/06/17 15:55:40    Desc
Main Document    Page 7 of 8

```
                              Kristofer R. McDonald
                              Attorney for Trustee

                          CAMPBELL & COOMBS, P.C.


                          By_____
                              Harold Campbell
                              Attorney for Debtors

                          DEBTORS


                          By_____
                              Lowell James Gulley
                              Debtor


                          By_____/s/ Jolene Kay Gulley_____
                              Jolene Kay Gulley
                              Co-Debtor
```

Copy of the foregoing delivered
via electronic notification on the
_____ day of October, 2017:

Harold Campbell
Campbell & Coombs, PC
1181 S. Alma School Rd., #225
Mesa, AZ 85210
Email: heciii@haroldcampbell.com
*Attorney for Debtors*

Office of U.S. Trustee
230 North First Avenue
Phoenix, AZ 85003
Email: Christopher.J.Pattock@usdoj.gov
Email: ustpregion14.px.ecf@usdoj.gov


By___/s/_____